# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 15-20803-TLM |
| KATHLEEN TONNEMACHER, ) | |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
## ON MOTION FOR RECONSIDERATION

On October 14, 2015, a petition was filed commencing this case. While the named chapter 7 debtor is Kathleen Tonnemacher ("Debtor"), the petition was executed by her son, Dan Tonnemacher ("Tonnemacher") under an asserted power of attorney. *See* Doc. No. 1-3 at 3, Doc. No. 5-1. On November 6, a motion to dismiss the case, Doc. No. 16 ("Dismissal Motion") was filed by Judy Riffe, the Temporary Conservator appointed for Debtor by the District Court of the First Judicial District, State of Idaho. Attached to the Dismissal Motion were several pleadings from the state court outlining the course of events and that court's rulings. Several subsequent filings were made by Tonnemacher.

The Dismissal Motion was heard on December 1, 2015. Counsel for the Temporary Conservator appeared. Tonnemacher appeared and acknowledged that he could not properly or legally "represent" his mother. *See* LBR 9010.1(e)(2); *see also* Idaho Code §§ 3-104, 3-420 (prohibiting unauthorized practice of law).

MEMORANDUM OF DECISION - 1

He was, however, allowed to address the Court.[1] Following consideration of all that had been presented in writing and at hearing, the Court granted the Dismissal Motion.[2] Its findings and conclusions were orally stated. The Court has yet to be presented with the form of order requested from the Temporary Conservator. That failure has been remedied by the Court's entry of its own Order of Dismissal.

On December 8, Tonnemacher filed a "Motion for Reconsideration and Final Order to allow Appeal to the US Supreme Court." Doc. No. 26 ("Reconsideration Motion").

**DISCUSSION AND DISPOSITION**

When presented with requests to "reconsider" rulings, the Court's procedure is to evaluate the submissions made and the contentions raised without requiring response and without hearing. While the Court may exercise its discretion and allow a hearing on such motions, hearing is not inflexibly required. *Accord In re Genay-Wolf*, 2012 WL 2871685, *1 (Bankr. D. Idaho July 12, 2012)

---

[1] The Court has recently issued notice of promulgation of amendments to the Local Bankruptcy Rules. An amendment to LBR 1002.1 governing "Petitions" will add a new subpart (d). Among other things, the amendment will clarify that petitions signed and filed by persons purporting to act on behalf of a debtor must also be signed by an attorney. *See* http://www.id.uscourts.gov/Content_Fetcher/index.cfml/Public_Notice_re_Local_BK_rules_and_form_changes_2355.pdf?Content_ID=2355. This amendment is subject to comment until December 11 and will not go into effect until January 1, 2016. In conjunction with LBR 9010.1, this amended Local Rule will require individuals such as Debtor and asserted representatives such as Tonnemacher to appear through counsel.

[2] Tonnemacher had also asked for a stay of the bankruptcy proceedings initiated by the petition, and asked the Court to "appoint" an attorney for Debtor. The Court lacks authority to grant the latter request, and the request for stay was effectively denied when the Court dismissed the case.

MEMORANDUM OF DECISION - 2

(dealing with request for reconsideration under Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024). The Court here determines that neither response, nor oral argument, is necessary. The Reconsideration Motion is resolved on the existing record by this Decision.

As is often the case, even with such motions filed by attorneys, the Reconsideration Motion contains no citations to authority supporting "reconsideration." A motion "to reconsider" does not exist under the Rules. When asserted within 14 days of entry of a judgment or order, such a request is treated as a motion under Fed. R. Civ. P. 59(e) made applicable by Fed. R. Bankr. P. 9023. *Hansen v. Finn (In re Curry & Sorensen, Inc.)*, 57 B.R. 824, 826–27 (9th Cir. BAP 1986).[3]

A motion under Rule 59(e) to "alter or amend a judgment" will not be granted "absent highly unusual circumstances," and reconsideration of a judgment or order after its entry by the court "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). The trial court enjoys "considerable discretion" in granting or denying such a motion. *Id.* The Ninth Circuit has phrased the Rule 59(e) standard as follows:

> [A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening

---

[3] As noted, no form of dismissal order was submitted, and the Court today entered its own Order. The Court deems it appropriate to address the Reconsideration Motion at this time though the motion was filed prior to entry of the Order.

MEMORANDUM OF DECISION - 3

change in the controlling law.

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).[4]  The utility of the Rule, and the standards governing its application, is to allow the trial court an opportunity to remedy a clear and incontrovertible error.  Thus, the Rule is improperly used when the litigant is simply unhappy with the manner in which the correct and applicable law was applied to the evidence and the record.

Tonnemacher in this Motion simply restates and again urges the contentions that were already in his prehearing submissions and made at the time of hearing.  Rehashing arguments in an attempt to persuade the court to change its mind is not a proper basis for relief under the Rules.  *See In re Greco*, 113 B.R. 658, 664 (D. Haw. 1990), *aff'd & remanded, Greco v. Troy Corp.*, 952 F.2d 406 (9th Cir. 1991) (motions for "reconsideration" are not for rehashing the same arguments made the first time, or to assert new legal theories or new facts that could have been raised at the initial hearing).  As this Court stated in *In re Sterling Mining Co.*, 2009 WL 2705825 (Bankr. D. Idaho Aug. 24, 2009), asking the Court to rethink what it "carefully and deliberately considered" is not grounds for relief

---

[4]  The standard for motions under Rule 59(a) for a "new trial" are similar, *see Janas v. Marco Crane & Rigging Co. (In re JWJ Contracting Co.)*, 287 B.R. 501, 514 (9th Cir. BAP 2002) (analyzing manifest error of law or fact under Rule 59(a)), and while the Court addresses the Reconsideration Motion under Rule 59(e), the analysis would not be significantly different under Rule 59(a).

MEMORANDUM OF DECISION - 4

Case 15-20803-TLM Doc 28 Filed 12/10/15 Entered 12/10/15 16:21:16 Desc Main
Document Page 5 of 6

under this Rule and "arguments that the Court was in error on the issues it considered and resolved should be directed to an appellate court." *Id*. at *2. Motions to reconsider are not vehicles by which to make the same arguments as earlier made (even if hopefully more persuasively), or to raise arguments that should have been made but were not.

The Court has considered carefully Tonnemacher's assertions in the Reconsideration Motion, just as it considered them carefully in initially addressing the matters that were presented for decision. But it has also considered the record of the Idaho state court proceedings and finds it supports the conclusion that Debtor is represented by the Temporary Conservator. The petition here was not authorized, and dismissal of this bankruptcy case was and is appropriate.

Debtor's (or Tonnemacher's) remaining issues are state law issues, and recourse must be in the state courts. The Court appreciates that Tonnemacher feels strongly about the correctness of his analyses and positions. But that conviction, even when coupled with the belief that the Court did not correctly decide the matter, does not support reconsideration.

It is evident that the petition was filed in order to gain the benefit of an automatic stay and to then collaterally attack the process and results of the state court litigation. The bankruptcy petition was found to be unauthorized and improper, and this case was dismissed. The Court takes no position on the merits of the disputes addressed by the state court, or of the arguments of the parties

MEMORANDUM OF DECISION - 5

therein. Under principles of comity, it is enough for this Court to recognize that they are and remain issues of state law for Idaho's courts to address.

**CONCLUSION**

The Reconsideration Motion will be denied, and an Order will be entered accordingly.

DATED: December 10, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 6